UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 1:20-cv-11973 |
| v. | Honorable Thomas L. Ludington<br>United States District Judge |
| ONE THOUSAND SEVEN HUNDRED FIFTY SIX DOLLARS AND THREE CENTS ($1,756.03) IN U.S. CURRENCY FROM HUNTINGTON NATIONAL BANK ACCOUNT NO. XXXXXXX0024. *et al.*, | Honorable Patricia T. Morris<br>United States Magistrate Judge |
| Defendants *in Rem*. | |

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:23-cr-20676 |
| v. | |
| JEFFREY BARTLETT, et al., | |
| Defendants. | |

_____/

**CLAIMANTS' REPLY BRIEF IN SUPPORT OF
MOTION FOR RECONSIDERATION**

<div style="text-align:right">

Steven L. Kessler (NY Bar 2086601)
500 Mamaroneck Avenue, Suite 320
Harrison, New York 10528-1600
212-661-1500
Email: KesslerLawNYC@gmail.com
*Counsel for Claimants*
*Tara and Andrew Semenchuk*

</div>

**The Government Effectively Concedes the Motion:** The unspoken concession underlying both the government's response to Claimants' motion and the Court's Decision is this: If there were no civil forfeiture case, and Claimants' assets had been seized and restrained solely in the criminal case for potential criminal forfeiture, there would be no dispute that a motion could be made at any time for the release of the seized or restrained property, and the denial of such a motion would be immediately appealable. 21 U.S.C. § 853(e)-(f); *United States v. Parrett*, 530 F.3d 422 (6th Cir. 2008). It is further undisputed that, under this standard, if the government, when challenged, is unable to show that the restrained property has "the requisite connection" to the alleged criminal activity, the property would have to be released. *Honeycutt v. United States*, 581 U.S. 443, 451 (2017) ("Pretrial restraints on forfeitable property are permitted only when the Government proves, at a hearing, that (1) the defendant has committed an offense triggering forfeiture, and (2) 'the property at issue has the requisite connection to that crime'") (quoting *Kaley v. United States*, 571 U.S. 320, 324 (2014)). And it would be the *government*'s burden to demonstrate that the restrained property is tainted. *Id.*

To avoid application of the standard of review of pretrial restraints articulated in *Honeycutt* and *Luis v. United States*, 578 U.S. 5 (2016), the government and the Court had to adhere to the view that the civil and criminal

cases were completely separate proceedings, that a motion to lift restraints on untainted property is unavailable in civil forfeiture cases and that the sole avenue for challenging the pretrial restraint of the Claimants' assets on the ground that the property is not subject to forfeiture was a motion to dismiss the civil complaint. *E.g.*, PageID.548.  ("*Honeycutt* examined *criminal* forfeiture under 21 U.S.C. § 853, not *civil* forfeiture . . ..").[1]

Therefore, in what can only be described as a shocking turnabout, after convincing the Court that there was no such thing as a motion to release untainted assets in a civil forfeiture case, the government now *agrees* that Claimants' motion to release their property should have been filed under a dual caption comprising both the civil *and* criminal cases and should be reconsidered in that broader context.  PageID.611 ("it was the government's impression that the Court was limiting briefing to one docket but that it would render a single decision that would impact both the civil *and* criminal forfeiture matter").  This belated concession confirms the waste of time and resources in litigating Claimants' motion.[2]

---

[1] Claimants already demonstrated that the Court's purported proof that "the reasoning of *Honeycutt* is not applicable to" civil forfeiture was a decision that even the government has disowned, relates solely to joint and several liability in criminal cases based on civil forfeiture statutes, and has nothing to do with pretrial restraint.  *See United States v. Sexton*, 894 F.3d 787 (6th Cir. 2018).

[2] The government attempts to evade the impact of its concessions by falsely claiming that "Claimants point to no viable mistake of law."  But this motion does nothing *but* point to such mistakes.  Further, Claimants appreciate the government's contention that "claimants . . . restate arguments previously raised,"

Further, the government, for the first time on reconsideration, attempts to write off *Luis* and *Honeycutt*, having not even cited, let alone distinguished, either decision even once in response to Claimants' motion to release assets. However, that contention has not only been waived, but is now contravened by their new concession.

Therefore, the parties agree that the Court erred in rejecting the availability of the primary relief sought on Claimants' motion.

The government's belated concession accurately reflects the applicable law. The Decision's ruling that the only routes for the pretrial release of restrained property in a civil forfeiture case are a motion to dismiss or a hardship release motion under 18 U.S.C. § 983(f) is mistaken. The Court's conclusion, based solely on *United States v. Contents of Accounts*, 629 F.3d 601 (6th Cir. 2011), disregards the Sixth Circuit's critical caveat in that case that "nothing in our holding . . . limit[s] civil forfeiture claimants' ability to contest the government's basis for forfeiture in any post-deprivation, pre-trial hearing to which they may be entitled by due process." *Id.* at 609. Even the government has never relied on *Contents of Accounts*, presumably because that decision's qualifying language directly contravenes its purported holding.

---

recognizing that Claimants' motion, of course, complies with the bar on new arguments on reconsideration. See L.R. 7.1(h)(2).

3

In fact, the Sixth Circuit in *Contents of Accounts* cited *United States v. Melrose East Subdivision*, 357 F.3d 493, 500 (5th Cir. 2004), to support the principle quoted above. *Melrose* held that pretrial restraints in a civil forfeiture case are reviewable and appealable at any time, even without a parallel criminal proceeding seeking forfeiture of the same property. Notably, *United States v. Real Property Located at 1407 North Collins Street, Arlington, Texas*, 901 F.3d 268 (5th Cir. 2018), cited several times throughout Claimants' motion to release funds, but avoided in both the government's response and the Court's Decision, applied *Melrose* and *Luis* to civil seizure warrants, where the property was sought to be forfeited in parallel civil and criminal proceedings. *See*, *e.g.*, *Real Property at 1407 North Collins*, 901 F.3d at 272 n.2 ("Although . . . *Melrose* involved pretrial restraining orders and this appeal challenges an order denying a challenge to the seizure of property by warrant, the practical effect of seizure warrants is as severe as that of restraining orders, if not more so"). Thus, contrary to this Court's mistaken reading of *Contents of Accounts*, nothing in that decision diminishes the legitimacy of Claimants' motion.

This Court was also mistaken regarding a critical procedural factor in *Contents of Accounts*. The Decision states: "Like here, . . . the government initiated civil forfeiture proceedings *parallel to a criminal case* involving alleged mail and wire fraud." PageID.534 (emphasis added). Not so. There is *no*

4

*reference* to a parallel criminal case in the *Contents of Accounts* decision.[3] Thus, the Decision's attempt to make it appear as if the Sixth Circuit rejected the core principle of Claimants' motion – that property restrained for both civil and criminal forfeiture is subject to the pretrial restraint limitations articulated in *Luis* and *Honeycutt* – is demonstrably false.

Equally misleading is the Court's use of *Contents of Accounts* to suggest that the decision limits property owners' remedies in civil forfeiture cases to motions to dismiss or for hardship release. The Sixth Circuit addressed those remedies because the property owners sought them. Not surprisingly, the property owners there did not file a motion to release funds pursuant to *Honeycutt* or *Luis*, as both of those decisions were issued at least ***five years after*** *Contents of Accounts* was argued. In sum, the *Contents of Accounts* decision expressly left the door wide open to the primary relief sought on Claimants' motion. The Court's conclusion to the contrary was mistaken, as the government now agrees.

***Culley* is Irrelevant:** As it did in opposing Claimants' initial motion, the prosecution continues to argue that the Supreme Court decision in *Culley v.*

---

[3] It appears the Court misread the *Contents of Accounts* decision's description of the defendants "engaging in mail and wire fraud" as a reference to a criminal proceeding. 629 F.3d at 603. In fact, this was a description of the *civil forfeiture* complaint. *Id.* at 603-04. This misstatement of the facts is being wrongly applied to deprive Claimants of their due process rights to challenge the unlawful pretrial restraint of their property.

5

*Marshall*, 601 U.S. 377 (2024), somehow demonstrates that a property owner may not make a motion to release funds in a civil forfeiture case. Aside from the fact that this contention is now abandoned as a result of the government's new concession, *Culley* has no bearing on this case. Even this Court did not bother to address the government's *Culley* argument in the Decision, presumably in recognition of *Culley*'s irrelevance here. On this, the Court was correct.

*Culley* did not address federal forfeiture law. It was a civil rights violation claim brought under 42 U.S.C. § 1983 by a vehicle owner against the State of Alabama for *damages* for purportedly failing to provide a prompt post-seizure hearing. The facts of the case were egregious. The owner actually *won* the state case and had the vehicle returned despite waiting a year and a half to challenge the seizure. But, regardless, *Culley* actually *supports* Claimants' due process showing. As Claimants already demonstrated, *Culley* held that due process requires a timely forfeiture *hearing*, not merely the commencement of the civil forfeiture case. PageID.393 (citing *Culley*, 601 U.S. at 386). It is undisputed that, here, the government failed to provide the Claimants with a timely forfeiture hearing. The omission of *Culley* from the Decision suggests that the Court agrees with the Claimants' view regarding the relevance of *Culley*.

**The Government Continues to Concede the Further Bases for Releasing Claimants' Assets**: The government's express concession that Claimants' motion

6

properly sought relief under both the civil and criminal proceedings further highlights the impact of the government's failure to challenge the bases for that motion and confirms the Court's failure to correctly apply the law in light of the government's concessions.

<p style="text-indent:2em">Fair Market Value</u>: As Claimants demonstrated, the government's concession that MDOT did not pay more than the fair market value for the services provided by SSI confirms that the civil complaint is defective because it fails to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supplemental Rule G(1)(f). The prosecution's belated acknowledgment that Claimants' motion was properly addressed to the criminal case as well as the civil case further confirms the significance of this concession. The Decision relied on civil pleading requirements to disregard the impact of the government's concession regarding fair market value, but declined to consider "the true value of loss at Defendants' *criminal sentencing* . . . at this pretrial stage." PageID.547 (emphasis in original).

In determining probable cause for pretrial restraint in criminal forfeiture, sentencing *must* be considered, because "criminal forfeiture constitutes an aspect of the sentence imposed in a criminal case." Fed. R. Crim P. 32.2(b) 2000 Advisory Committee Note (citing *United States v. Libretti*, 516 U.S. 29 (1995)). The government concedes that, without proof that MDOT paid SSI more than fair

7

market value, it will be unable to forfeit a penny. Having *again* failed to challenge Claimants' observation that "[t]he government does not claim that, at some point in the future, it will be able to show that MDOT paid more than fair market value for SSI's services," (PageID.583), the government has conceded, *again*, that it will be unable to satisfy its burden of proof during the forfeiture phase of the criminal case. No proof, no forfeiture. No forfeiture, no pretrial restraint.

<u>Sworn, Undisputed Proof of Legitimate Funds</u>: The government's concession that at least $1.5 million in Claimants' seized and restrained accounts *predated the transactions alleged in the complaint* conclusively establishes that they are untainted and mandates their immediate release.

The Court's only basis for disregarding this concession regarding the non-forfeitability of these funds was its assertion that the balances of Claimants' seized and restrained accounts prior to 2016 were not within the four corners of the complaint and thus were purportedly irrelevant on a motion to dismiss. In addition to the fact that the Court misapplied the Rule 12 standard, this issue has no relevance to a motion to release funds in a criminal case, which the government now acknowledges is proper here.

The government asserts that *Luis* is nevertheless inapplicable because, in *Luis*, "all parties agreed" that the funds were "untainted by crime." PageID.609. However, the government concedes that $1.5 million of the restrained funds are

untainted. Thus, even under the government's reading of *Luis*, these funds must be released.

<p style="text-align:center;"><u>The Government's Additional Concessions</u>:</p>  The government continues to leave unchallenged and thus concedes Claimants' sworn showing that every transfer from SSI to the Claimants alleged in the complaint was legitimate as a matter of law, from Mr. Semenchuk's national benchmark-compliant compensation payments as SSI President to the arms-length sale of his shares upon resigning from the company in 2018.[4] These undisputed and determinative facts show that the government will be unable to forfeit these funds and that they are properly considered on a motion to release assets as well as on a Rule 12 motion. The government's continued failure to contest them on reconsideration confirms that they provide further grounds for granting Claimants' motion.[5]

<u>Affidavits of Interest on Untainted Property are Invalid</u>: One of the government's most striking concessions is that the property restrained by the

---

[4] Notably, the government's submissions on Claimants' initial motion and on the instant motion were each more than 17 pages shorter than the rules permit. Therefore, their numerous concessions by omission and their decisions not to address Claimants' arguments were knowing and intentional and not, for example, due to lack of space in their response.

[5] The government's citation of 21 U.S.C. § 853(k) appears to suggest that a motion to release funds in the criminal case will be unavailing because that provision bars third parties from intervening in a criminal case. PageID.612. However, nearly all of the funds here are sought to be forfeited because they were received by Mr. Semenchuk, whose Verified Claim asserts an interest in more than $3.5 million in seized and restrained assets. Civ. ECF No. 48.

government's Affidavit of Interest is untainted. The only argument against the release of this property was that the Court allegedly lacked jurisdiction to direct the government to lift the state-law restraints filed against the property by the government for potential federal forfeiture. Now that both jurisdiction and lack of connection to the alleged criminal activity are undisputed, the property must be released.

## CONCLUSION

For the reasons set forth above and in their prior filings, Claimants Tara Semenchuk and Andrew Semenchuk respectfully request that this motion be granted and that, upon reconsideration, the Court order the immediate release and return of their seized and restrained property and the lifting of the restraints on their home, together with such other and further relief as this Court deems just and proper.

Dated: April 24, 2025

Respectfully submitted,

/s/ Steven L. Kessler

Steven L. Kessler (NY Bar 2086601)
*Counsel for Claimants*
  *Tara and Andrew Semenchuk*
500 Mamaroneck Avenue, Suite 320
Harrison, New York 10528-1600
212-661-1500
Email: KesslerLawNYC@gmail.com